IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER G. ROGERS,
    Petitioner,

vs.                                       Case No. 3:08cv280/LAC/EMT

STATE OF FLORIDA,
    Respondent.
_____/

## **ORDER**

This cause is before the court upon Petitioner's filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 and motion to proceed in forma pauperis (Docs. 1, 2).

Petitioner failed to provide the requisite supporting documentation for his motion to proceed in forma pauperis, specifically, a certified copy of his trust fund account statement for the 6-month period immediately preceding the filing of the petition. *See* 28 U.S.C. § 1915(a)(2). Therefore, the motion will be denied without prejudice to Petitioner's refiling it with the required supporting documentation.

Additionally, a preliminary review of the habeas petition reveals that it is not properly brought under 28 U.S.C. § 2254. Petitioner is a pre-trial detainee at the Okaloosa County Jail (Jail) (*see* Doc. 1 at 1). He seeks pre-conviction relief based on the following claims: (1) violation of Fourth Amendment protection from unreasonable search and seizure based upon the seizure of Petitioner's clothing and shoes by law enforcement investigators, (2) violation of Fifth Amendment right to due process based upon denial of right to speedy trial and reinstatement of bond, (3) violation of Sixth Amendment right to speedy trial, impartial jury, and effective assistance of counsel, (4) violation of Eighth Amendment right to reinstatement of bond and adequate medical attention, and (5) violation of Fourteenth Amendment right to due process based upon denial of

reinstatement of bond and denial of opportunity to build a defense due to ineffective assistance of public defender (*id.* at 4–6). Petitioner seeks any relief that the court deems "necessary and appropriate" (*id.* at 7).

Because the petition does not attack a criminal conviction but claims pretrial errors, it is properly raised under 28 U.S.C. § 2241. *See* Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489–91, 93 S. Ct. 1123, 1126–27, 35 L. Ed. 2d 443 (1973); Stacey v. Warden, Apalachee Correctional Inst., 854 F.2d 401, 403 n.1 (11th Cir. 1988). Accordingly, Petitioner must present his claims on the court-approved form for use in § 2241 cases, not § 2254 cases. *See* N.D. Fla. Loc. R. 5.1(J) (no application for writ of habeas corpus under § 2241 shall be considered by the court unless the appropriate form has been properly completed, signed, and filed by the litigant). Additionally, the proper Respondent is the person who has custody over Petitioner, *see* 28 U.S.C. § 2242; therefore, Petitioner shall name the Sheriff of Okaloosa County as Respondent.

Additionally, Petitioner is advised that pretrial habeas relief is available under § 2241 only under exceptional circumstances; federal courts cannot intervene in ongoing state criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). The Younger court stated:

> [I]t has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions.
> . . . .
> [W]hen absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.
> . . . .
> [I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate. Certain types of injury, in particular, the cost, anxiety, and

> inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

Younger, 401 U.S. at 45–46 (citations and quotations omitted).

Proceedings to determine bail are properly subject to Younger abstention. O'Shea v. Littleton, 414 U.S. 488, 501, 94 S. Ct. 669, 679, 38 L. Ed. 2d 674 (1974); Suggs v. Brannon, 804 F.2d 274, 279 (4th Cir. 1986); Wallace v. Kern, 520 F.2d 400, 405 (2d Cir. 1975). With regard to the speedy trial claim, the court cannot determine whether Petitioner wishes to have the trial court barred from bringing the charge against him or whether he wishes to have the trial court compelled to expediently bring the charge against him. The Supreme Court held that there is an important distinction between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial. Smith v. Hooey, 393 U.S. 374, 89 S. Ct. 575, 21 L. Ed. 2d 607 (1969). This distinction turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. *See* Brown v. Estelle, 530 F.2d 1280, 1282 (5th Cir. 1976). If Petitioner wishes to have the trial court barred from bringing the charge against him, the Supreme Court has ruled that federal habeas corpus review is unavailable to adjudicate the substance of affirmative defenses that a petitioner may raise during the state criminal trial. Braden, 410 U.S. at 489–90; *see also* Georgalis v. Dixon, 776 F.2d 261, 262 (11th Cir. 1985). Since Petitioner's criminal charge has yet to be heard, Petitioner has not yet had the opportunity to raise his speedy trial affirmative defense. Therefore, Petitioner's federal habeas claim, to the extent he intends to raise it as an affirmative defense in order to be relieved from the prosecution of his criminal contempt charge, cannot be heard in federal court. To rule otherwise would be to violate the long-standing policy against interfering with state court proceedings. However, should Petitioner be seeking an order from this court directing the state court to expediently bring him to trial, then relief may be available. *See* Braden, 410 U.S. at 489–90; Georgalis, 776 F.2d at 262.

Regardless of the relief Petitioner seeks, however, federal courts may intervene only after he has exhausted all available state remedies in relation to his claims. *See* Braden, 410 U.S. at 489–90; Baker v. Grice, 169 U.S. 284, 292–93, 18 S. Ct. 323, 42 L. Ed. (1988); Georgalis, 776 F.2d at 262; Dickerson v. Louisiana, 816 F.2d 220, 224–26 (5th Cir. 1987); Coleman v. Yokum, 442 F.2d 351, 353 (5th Cir. 1971). In the instant case, Petitioner states he has not raised any of his claims in the state court (*see* Doc. 1 at 4–5). Therefore, it appears that his federal habeas petition may be subject to dismissal.

If Petitioner wishes to proceed in this action, he must file an amended petition on the court-approved form for use in § 2241 cases. To amend his petition, Petitioner should completely fill out a new habeas petition form, marking it "**Amended Petition**." Petitioner is advised that the amended petition must contain all of his grounds for relief, and it should not in any way refer to the original petition. The amended petition completely replaces all previous petitions; when an amended petition is filed, all earlier petitions are disregarded. N.D. Fla. Loc. R. 15.1. Alternatively, if Petitioner determines that he does not wish to proceed with this habeas action at this time, he shall file a notice of voluntary dismissal.

Accordingly, it is **ORDERED**:

1. Petitioner's motion to proceed in forma pauperis (Doc. 2) is **DENIED without prejudice**.

2. The clerk shall send Petitioner a motion to proceed in forma pauperis and a prisoner consent form and financial certificate approved for use in the Northern District. Additionally, the clerk shall send Petitioner the petition form for use in § 2241 cases. This case number should be written on the forms.

3. If Petitioner wishes to proceed with this action, he shall file, within **THIRTY (30) DAYS** of the date of docketing of this order, an amended petition on the court-approved form for use in § 2241 cases, and he shall either pay the $5.00 filing fee or submit a completed motion to proceed in forma pauperis with the requisite computer printout of the transactions in his prison account for the preceding six months. If Petitioner does not wish to proceed with this action, he shall file a notice of voluntary dismissal within that time.

4. Petitioner's failure to comply with this order may result in a recommendation that this case be dismissed.

**DONE AND ORDERED** this 14th day of July 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**